# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

PROGRAMMER RESOURCES INTL INC., a
Missouri corporation, 221 Clarkson Executive
Park, Ellisville, MD 63011

   -and-

SITARAMA SRINIVAS PEDDADA
103D Aspen Towers Andrabank Main Road
Taranaka, Secunderabad
Telangana, 500017
India

  Plaintiffs,

     against

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,
20 Massachusetts Ave NW,
Washington DC 20529

              Defendants.

Case No.:

COMPLAINT

## **COMPLAINT**

## I. INTRODUCTION

1.  This is an action brought pursuant to section 10b of the Administrative Procedure Act,

5 U.S.C. § 701, *et. seq*., seeking to hold unlawful and set aside the decision of the United States

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

Citizenship and Immigration Services (USCIS) in File No. WAC1808951517 dated October 12, 2018, denying PROGRAMMER RESOURCES INTL INC. (PRI)'s Form I-129, Petition for Nonimmigrant Worker, upon behalf of SITARAMA SRINIVAS PEDDADA on the grounds that 1) that no "actual supporting evidence"[1] was provided evidencing that Pace University and New York City College have programs for granting college level  credits based on training or work experience and that 2) the work experience letters provided which the college officials utilized in their evaluations do not appear to be indicative of any progressively responsible work, is arbitrary and capricious inasmuch as the decision disregarded letters from officials of both schools as well as a website page evidencing that such programs did in fact exist and any purported deficiencies in the work experience letters are irrelevant in light of the evaluators' conclusion that the beneficiary had the equivalent of the required degree. Accordingly, the Court should hold this decision unlawful and set it aside.

## II. PLAINTIFFS

2. PRI is a Missouri corporation  which is global provider of Information Technology (IT) Consulting, Software Engineering and Workforce Solutions. It is a strategic partner to large, medium, and small businesses focused on helping them develop unique solutions to solve complex business challenges. PRI assesses the business needs of its clients and works with them

---

[1]Plaintiffs are unaware of any distinction between "evidence" and "actual supporting evidence" inasmuch as all evidence, if it is probative in nature (as it much be to be admissible), "actually" supports one's case.

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

devise, design, implement, enhance and maintain IT solutions to those problems using its highly educated and experienced staff of IT professionals. Because of its inability to recruit sufficient numbers of qualified U.S. citizens or permanent resident IT professionals, PRI has been compelled to recruit highly trained foreign professionals such as Mr. Peddada to satisfy its clients' pressing IT needs.

3. SITARAMA SRINIVAS PEDDADA is a native and citizen of India currently residing in India. He has earned a Bachelor and Master of Technology degree from leading universities in India, the academic equivalent of a U.S. Bachelor's and Master's degree in Engineering, and has over 13 years of progressively responsible experience in the field of Computer Information Systems. His education and experience, taken as a whole, as has been evaluated by a Professor of Computer Science and a Professor of Computer Systems Technology to be the equivalent of a U.S. Bachelor's degree in Computer Information Systems.

## III. DEFENDANT

4. The defendant, United States Citizenship and Immigration Services (USCIS), is an agency of the United States government residing in the District of Columbia.

## IV. JURISDICTION

5. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101, *et. seq.,* and the Administrative Procedure Act, 5 U.S.C. § 701,

| COMPLAINT | Michael E Piston (MI 002) Attorney for the Plaintiffs 225 Broadway, Ste 307 New York, NY 10007 646-845-9895 michaelpiston4@gmail.com |
|---|---|

*et. seq.,* both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## V. STANDING

6. PRI has a legally protected interest in a decision by the USCIS on PRI's petition upon Mr. Peddada's behalf which is not arbitrary and capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2), and the invasion of this right has caused it concrete and particularized injury in that as a result of this invasion PRI can no longer employ Mr. Peddada and so cannot derive the revenue it previously received from the sale of his services to its client;  (2) there is a causal connection between the injury-in-fact and the defendant's challenged behavior in that it is precisely the defendant's denial of PRI's petition that has caused PRI to sustain this loss and (3) it is reasonably certain that the injury-in-fact will be redressed by a favorable ruling in that an approval of PRI's petition will qualify him to apply for an H-1B visa with which he can return to the United States to be  employed by PRI.  Accordingly, PRI has standing to complain of this action. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

7. Mr. Peddada likewise has a legally protected interest in a decision by the USCIS on PRI's petition upon his behalf which is not arbitrary, capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2), and this right has been invaded in that the improper denial of PRI's petition has caused him concrete and particularized injury in that as a result of this denial he can no longer be employed by PRI and so cannot derive the revenue he

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

previously received from his employment and, further this denial has deprived him of an extension of his legal status in the U.S. and so compelled him to depart the country; (2) there is a causal connection between the injury-in-fact and the defendant's challenged behavior in that it is precisely the defendant's denial of PRI's petition and Mr. Peddada's application for extension of stay which caused him to cease working for PRI and to depart the country and (3) it is reasonably certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will enable Mr. Peddada to apply for an H-1B visa to be able to return to the United States be employed by PRI. Further, PRI wishes to employ Mr. Peddada in the offered position. Accordingly, Mr. Peddada has standing to complain of this action. *Lujan, supra.*

## VI. VENUE

8.  Pursuant to 28 U.S.C. § 1391(e), venue is proper in the District of Columbia, where the defendant resides.

## VII. BRIEF STATEMENT OF PROCEDURAL HISTORY AND LEGAL BACKGROUND

9. On February 6, 2018, PRI filed a Petition for a Nonimmigrant Worker (Form I-129), with USCIS to classify Mr. Peddada as a temporary worker in a specialty occupation (H-1B) under 8 USC § 1101(a)(15)(H)(i)(b) with a concurrent request for extension of Mr. Peddada's stay in the U.S. in H-1B status.

10. 8 USC § 1101(a)(15)(H)(i)(b) provides in relevant part that "The term 'immigrant' means every alien except an alien who is within one of the following classes of nonimmigrant

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

aliens-- …. an alien (i) (b) … who is coming temporarily to the United States to perform services … in a specialty occupation described in section 214(i)(1) [8 USC § 1184(i)(1)] … and with respect to whom the Secretary of Labor determines and certifies to the Attorney General that the intending employer has filed with the Secretary an application under section 212(n)(1) [8 USC § 1182(n)(1)]. [bracketed material added for clarity; passages immaterial to this action omitted]

11. The above referenced 8 USC § 1184(i) provides in relevant part that:

(i)  "Specialty occupation" defined.

(1)  Except as provided in paragraph (3), for purposes of section 101(a)(15)(H)(i)(b) [8 USCS § 1101(a)(15)(H)(i)(b)], … and paragraph (2), the term "specialty occupation" means an occupation that requires--

(A)  theoretical and practical application of a body of highly specialized knowledge, and

(B)  attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

(2)  For purposes of section 101(a)(15)(H)(i)(b) [8 USCS § 1101(a)(15)(H)(i)(b)], the requirements of this paragraph, with respect to a specialty occupation, are--

(A)  full state licensure to practice in the occupation, if such licensure is required to practice in the occupation,

(B)  completion of the degree described in paragraph (1)(B) for the occupation, or

(C)

(i)  experience in the specialty equivalent to the completion of such degree, and

| COMPLAINT | Michael E Piston (MI 002) |
| --- | --- |
| | Attorney for the Plaintiffs |
| | 225 Broadway, Ste 307 |
| | New York, NY 10007 |
| | 646-845-9895 |
| | michaelpiston4@gmail.com |

(ii)  recognition of expertise in the specialty through progressively responsible positions relating to the specialty.

12. On October 12, 2018 the USCIS issued a decision denying PRI's petition upon Mr. Peddada's behalf solely because it found that he failed to meet the requirements of 8 USC § 1184(i)(2), which the following regulations have been promulgated implementing:

8 CFR § 214.2(h)(4)(iii)(C) Beneficiary qualifications. To qualify to perform services in a specialty occupation, the alien must meet one of the following criteria:

(1) Hold a United States baccalaureate or higher degree required by the specialty occupation from an accredited college or university;

(2) Hold a foreign degree determined to be equivalent to a United States baccalaureate or higher degree required by the specialty occupation from an accredited college or university;

(3) Hold an unrestricted state license, registration or certification which authorizes him or her to fully practice the specialty occupation and be immediately engaged in that specialty in the state of intended employment; or

(4) Have education, specialized training, and/or progressively responsible experience that is equivalent to completion of a United States baccalaureate or higher degree in the specialty occupation, and have recognition of expertise in the specialty through progressively responsible positions directly related to the specialty.

(D) Equivalence to completion of a college degree. For purposes of paragraph (h)(4)(iii)(C)(4) of this section, equivalence to completion of a United States baccalaureate or

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

higher degree shall mean achievement of a level of knowledge, competence, and practice in the specialty occupation that has been determined to be equal to that of an individual who has a baccalaureate or higher degree in the specialty and shall be determined by one or more of the following:

(1) An evaluation from an official who has authority to grant college-level credit for training and/or experience in the specialty at an accredited college or university which has a program for granting such credit based on an individual's training and/or work experience;

…(immaterial provisions omitted)

13. PRI submitted to the USCIS in support of its petition evidence that Mr. Peddada, for the purposes of 8 CFR § 214.2(h)(4)(iii)(C)(4) of this section, had education and work experience equivalent to completion of a United States baccalaureate in Computer Information Systems, in the form of two evaluation so concluding, each from an official who had authority to grant college-level credit for training and/or experience in that specialty at an accredited college or university which has a program for granting such credit based on an individual's training and/or work experience.

14. These evaluations were supported by evidence of Mr. Peddada's Bachelor and Master of Technology degrees and detailed letters from employers documenting over 13 years of progressively responsible experience in the field of Computer Information Systems.

15. Nevertheless, the USCIS found that Mr. Peddada did not meet the requirements of 8 CFR § 214.2(h)(4)(iii)(C)(4) because, supposedly,

| COMPLAINT | Michael E Piston (MI 002) Attorney for the Plaintiffs 225 Broadway, Ste 307 New York, NY 10007 646-845-9895 michaelpiston4@gmail.com |
| --- | --- |

1) no "actual supporting evidence" was provided evidencing that Pace University and New York City College have programs for granting college level  credits based on training or work experience and

2) "the work experience letters provided which the college officials utilized in their evaluations do not appear to be indicative of any progressively responsible work".

## VIII CAUSE OF ACTION

16. 5 U.S.C. § 706 provides in material part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
>
> ...
>
> - **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be--
> - o **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

20. The USCIS's decision of October 12, 2018 denying PRI's H-1B petition upon behalf of Mr. Peddada was arbitrary and capricious inasmuch as its finding that no "actual supporting evidence" was provided showing that Pace University and New York City College have programs for granting college level  credits based on training or work experience ignored the letters and even a website page[2] showing that these schools did in fact have such programs and,

---

[2] The letter from New York City College affirming that it had a program for granting college level  credits based on training or work experience indicated that "Information regarding this program may be found at http://www.citytech.cuny.edu/catalog/docs/catalog15_16_sp16ver.pdf".

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

inasmuch as the petitioner's said evaluations fully satisfied the requirements of 8 CFR § 214.2(h)(4)(iii)(C)(4), the other purported deficiencies cited by the decision are irrelevant.

17. To belabor the obvious, letters are evidence. *Eyre v. Potter*, 56 U.S. (15 How.) 42, 54 (1854), *E. Tex. Med. Ctr. Reg'l Healthcare Sys. v. Lexington Ins. Co*, 575 F.3d 520, 526 (5th Cir. 2009), *Muller v. Olin Mathieson Chem. Corp.*, 404 F.2d 501, 504 (2d Cir. 1968), *S. Pac. Co. v. Stevens*, 258 F. 165, 167 (9th Cir. 1919). So are Internet (include "website") pages. *Matter of Skirball Cultural Ctr.*, 25 I. & N. Dec. 799, 804, 806 (B.I.A. May 15, 2012) (finding that the petitioner carried its burden of proof in part through articles found on the internet).

18. This is particularly true in immigration proceedings where the test of admissibility is simply "'whether the evidence is probative and its admission is fundamentally fair.'" *Matter of Velasquez*, 25 I. & N. Dec. 680, 683 (B.I.A. January 24, 2012), quoting *Matter of D-R-*, 25 I. & N. Dec. 445, 458 (BIA 2011) and *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995).[3] *See Singui v. Holder*, 599 Fed. Appx. 640, 640-641 (6th Cir. 2015) (emails are evidence in immigration proceedings).

19. Certainly letters from the Assistant Vice President of Pace University and the Registrar of New York City College confirming that these schools have programs for granting college-level credit based on an individual's training and/or work experience is probative of that fact, as is a page of New York City College's website describing the program, and the USCIS has made no claim that consideration of such letters and web page are unfair to it.

---

[3] Curiously, the USCIS had no objection to considering the work experience letters from Mr. Peddada's employers and in fact analyzed them at length. It offers no explanation for this apparent inconsistency.

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

20. In fact, the USCIS made no finding that the letters or web page were inadmissible at all – it simply ignored them. This appears to be a pattern in USCIS decision-making on H-1B matters. Just a month ago Judge Contreras of this Court ruled in another action involving the denial of an H-1B petition that "the agency cannot base its decision on a supposed lack of evidence when evidence was not actually lacking. To do so is to act arbitrarily and capricious. *See Genuine Parts*, 890 F.3d at 312 ('[A]n agency cannot ignore evidence contradicting its position.'(quoting *Butte Cty*, 613 F.3d at 194))." *PRI IT Sols., Inc. v. United States Citizenship & Immigration Servs.*, 2018 U.S. Dist. LEXIS 196284, *30. Needless to say, the agency's disregard of the schools' letters and web page here was equally arbitrary and capricious.

21. Inasmuch as 8 CFR § 214.2(h)(4)(iii)(D) provides that for the purposes of 8 CFR § 214.2(h)(4)(iii)(C)(4), equivalence of completion of a United States baccalaureate or higher degree shall be determined by, among others things, an evaluation from an official who has authority to grant college-level credit for training and/or experience in the specialty at an accredited college or university which has a program for granting such credit based on an individual's training and/or work experience, and the petitioner did in fact submit two such evaluations, this was all the evidence the petitioner was required to provide to establish that the beneficiary had the equivalent of a bachelor's degree in the required specialty.

22. Accordingly, any purported deficiencies in the letters verifying the beneficiary's experience are irrelevant and so the agency's reliance upon them as ground for concluding that the petitioner had not established that he had the required degree is arbitrary. *See North Carolina v. EPA*, 382 U.S. App. D.C. 167, 201, 531 F.3d 896, 930 (2008) ("The SO[2] regionwide caps

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

are entirely arbitrary, since EPA based them on irrelevant factors like the existence of the Title IV program").

23. In any event, the beneficiary's experience was in fact progressively responsible for the reasons set forth by both evaluators in their respective evaluations, and the USCIS's bare assertion to the contrary was conclusory and so arbitrary and capricious. *Amerijet Int'l, Inc. v. Pistole*, 753 F.3d 1343, 1350, 410 U.S. App. D.C. 176 (D.C. Cir. 2014).

24. Further, there is no requirement in any event that the petitioner provide evidence that the beneficiary's "training and/or work experience included the theoretical and practical application of specialized knowledge required by the specialty occupation;" nor that his "experience was gained while working with peers, supervisors, or subordinates who have a degree or its equivalent in the specialty occupation;" because these requirements are necessary to establish that the beneficiary had the equivalent of a degree under another provision of 8 CFR § 214.2(h)(4)(iii)(D) – subclause (5).

25. "It is a well-known canon of statutory construction that '[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" INS v. Cardoza-Fonseca, 480 U.S. 421,432 (1987) (quoting Russello v. United States, 464 U.S. 16, 23 (1983))." Matter of M-H-Z-, 26 I&N Dec. 757 (BIA 2016).

26. Inasmuch as the agency "look(s) to general rules of statutory construction to interpret and analyze the pertinent regulations", Matter of H-N, 22 I. & N. Dec. 1039, 1041 (B.I.A. October 13, 1999), therefore application of the rule of Cardoza-Fonesca, Russello and M-H-Z- to the

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|-----------|------------------------------------------------------------------------------------------------------------------------------------------------------|

instant matter leads inescapably to the conclusion that 8 CFR § 214.2(h)(iii)(D)(1), upon which the petitioner relies here to prove that the beneficiary has the equivalent of a degree in the specialty, does not require that the petitioner provide evidence that the beneficiary's "training and/or work experience included the theoretical and practical application of specialized knowledge required by the specialty occupation;" nor that his "experience was gained while working with peers, supervisors, or subordinates who have a degree or its equivalent in the specialty occupation;" because these requirements are necessary to establish that the beneficiary had the equivalent of a degree under subclause (5) of the very same clause that contains  8 CFR § 214.2(h)(4)(iii)(D)(1), and so would have been included in subclause (1) had the Secretary of Homeland Security wished it to be a factor in determining whether the beneficiary had the equivalent of degree under subclause (1).

27. WHEREFORE, inasmuch as the sole bases for the denial of the PRI's petition upon Mr. Peddada were arbitrary and capricious, it is respectfully requested that this Court hold unlawful and set aside the decisions denying PRI's petition for nonimmigrant worker upon Mr. Peddada's behalf.

Respectfully submitted this  th day of December, 2018

*s/Michael E. Piston*
Michael E. Piston (MI 002)
Attorney for the Plaintiffs
225 Broadway, Ste 307
New York, NY 10007
646-845-9895
michaelpiston4@gmail.com

| COMPLAINT | Michael E Piston (MI 002)<br>Attorney for the Plaintiffs<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |